UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CBE CABOT WEST, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ACADIA INSURANCE GROUP <br> d/b/a Union Insurance Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of Action

1. This is an action to recover benefits due under an insurance policy issued to Plaintiff, CBE Cabot West, LLC ("Cabot West") by the Defendant Acadia Insurance Group d/b/a Union Insurance Company ("Acadia"). Because Acadia has refused or otherwise failed to reasonably and promptly settle Cabot West's claims under the relevant policies, Cabot West seeks treble damages and attorney's fees pursuant to the provisions of Mass. G.L. c. 93A and c. 176D.

### Parties

2. The Plaintiff Cabot West is a duly limited liability corporation organized under the laws of Massachusetts having a principal place of business in Marlborough, Massachusetts. Cabot West is the property manager for the insured property located at 20 Cabot Blvd, Mansfield, MA.

3. The Defendant Acadia is an insurance company organized under the laws of the State of Maine, with a principle place of business in at 250 County Road, Westbrook, ME 04092.

1

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, as there is diversity of citizenship of the parties and an amount in controversy in excess of $75,000.

5. This Court has personal jurisdiction over the Defendant, as the Defendant transacts business in the Commonwealth of Massachusetts within the meaning of Mass. G.L. c. 223A, § 2.

6. Venue is appropriate in this District pursuant to the provisions of 28 U.S.C. § 1391.

**The Policy**

7. On or about December of 2020, Acadia issued an insurance policy (the "Policy") to provide comprehensive building and equipment coverage for Cabot West's property. The policy was to run from 12/16/20 through 12/16/2021. Cabot West paid a policy premium of well over $40,000. A true and authentic copy of the Policy is appended hereto as Exhibit 1.

8. The Policy has a limit of liability totaling $5,000,000 for each property and equipment loss occurring at the insured property.

**The Underlying Incident**

9. On or about July 2, 2021, there was a substantial accidental discharge of corrosive water in the basement of 20 Cabot Blvd. At that time, the corrosive water discharge originated

from a failed pipe located in the basement of the building, causing extensive and irreparable damage to the property's heating, ventilation and air conditioning system, as well as electrical switch gear.

10. Representatives of Cabot West took immediate action to redress the issue of the destroyed HVAC system, as such was needed to maintain the office building in usable condition.

11. Because of its prompt actions, Cabot West was able to avoid a shutdown of the office building. Very expensive rental equipment had to be promptly rented and installed outside the facility to maintain the air quality and coolness needed in the midst of summer.

12. Had Cabot West not undertaken swift action at its own expense to mitigate its losses, it would have been required to shut down the business rental offices, with a loss of approximately $125,000 per month.

## The Claim under the Policy

13. On or about September 3, 2021, Cabot West, through its insurance adjuster, made a claim to Acadia under the Policy. The claim was directed to Acadia's Manchester, NH office.

14. On September 13, 2021, Bob Mantegari ("Mantegari"), Claims Adjuster for Acadia, issued a letter acknowledging receipt of Cabot West's claim. A true and authentic copy of Acadia's letter is appended hereto as Exhibit 2.

15. The acknowledgment letter rejected the information sent to Acadia, stating, "we must respectfully reject these documents because they were not properly executed nor were the demands set forth reasonably supported." The letter went on to state that "our investigation reveals that there are portions of your claim presented may [sic] not qualify for coverage as we previously communicated."

3

16. On September 17, 2021, counsel for Cabot West sent a letter to Mr. Girous, Acadia's counsel, copying Mr. Mantegari, a true and authentic copy of which is appended hereto as Exhibit 4, requesting that Acadia cover all of the costs that had been submitted by Cabot West.

17. On October 8, 2021, the public insurance adjuster for Cabot West submitted an estimated total repair cost of $1,317,467.86 and year to date expenditures of $539,467.39 to Mantegari, a true and authentic copy of which is appended hereto as Exhibit 5.

18. By that time, Acadia and Cabot West's investigators and experts had visited the damage site on numerous occasions. Plaintiff's inspectors determined unequivocally that the cause of the loss was the failure of a certain water chemical treatment pipeline.

19. This information was promptly related to Acadia. Nevertheless, Acadia has failed and refused to pay any portion of Cabot West's claims, even though the portions of the relevant policies call for immediate coverage under the circumstances.

20. Acadia has been informed repeatedly – orally and in writing - that Cabot West had already provided more than sufficient back-up for its claims.

21. On September 23, 2021, Plaintiff's counsel sent a Demand Letter pursuant to Chapters 93A and 176D of the Massachusetts General Laws. Demand was made that Acadia immediately pay the outstanding bills submitted as part of its claim.

22. Acadia has yet to respond to this demand either orally or in writing. The bills for the rental equipment and necessary new replacement items continue to rise.

23. The latest bills were sent on October 8, 2021. Again, there has been no response whatsoever from the insurance company.

24. Instead, Acadia wishes to conduct yet another examination of the damaged property, without offering an explanation as to why.

25. Acadia's own counsel inferred in an email dated September 10, 2021, that Acadia "removed the items of interest on the liability side of the claim (*i.e.*, the fractured pipe which is central in the pursuit of a subrogation action)."

## COUNT I: BREACH OF CONTRACT

26. Paragraphs 1-25, above, are incorporated herein and made a part hereof.

27. Under the unequivocal terms of the subject insurance contracts, Acadia is responsible for paying all claims of its insured as a result of losses sustained.

28. Acadia's failure to make the subject payments is a breach of their contractual obligations to Plaintiff, for which damages are due.

## COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

29. Paragraphs 1-28, above, are incorporated herein and made a part hereof.

30. Acadia's abject failure to pay the monies due and owning under the unequivocal terms of the subject insurance contracts without any rational or reason is a violation of the implied covenant of good faith and fair dealing which is inherent in every contract.

31. Acadia's failure to make the subject payments is a breach of their contractual obligations to Plaintiff, for which damages are due.

## COUNT III: CLAIM UNDER CHAPTERS 93A AND 176D

32. Paragraphs 1-31 are incorporated herein and made a part hereof.

33. Pursuant to the provisions of Mass. G.L. c. 176D, § 3(9), Acadia has to affirm coverage of claims within a reasonable time after proof of loss statements have been completed; and to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

34. By virtue of its failure and refusal to reasonably and promptly settle its dispute with the insured even though its responsibilities under the Policy have long been made clear, Acadia has violated the provisions of Chapter 176D of the Massachusetts General Laws.

35. A violation of Chapter 176D constitutes an unfair and deceptive practice under the terms of Chapter 93A of the Massachusetts General Laws.

36. The violation of Acadia was knowingly and willingly committed.

## **Prayers for Relief**

WHEREFORE, Cabot West respectfully requests that this Court:

1. Enter judgment in favor of Cabot West under Count I for all amounts due to be paid by Steadfast under the Policy, together with interest, costs and reasonable attorney's fees;

2. Enter judgment in favor of Cabot West under Count II for treble the sum of all amounts to be paid by Acadia under the Policy, together with interest, costs and reasonable attorney's fees; and

3. Grant such other relief as may be deemed just and appropriate.

## **Jury Trial Claim**

The Plaintiff claims a trial by jury.

Dated: October 26, 2021                     CBE CABOT WEST, LLC
                                            By its attorneys,

                                            s/ Andrew P. Botti

                                            _____

                                            AndrewP.Botti,Esq.
                                            BBO#558755
                                            MCLANE MIDDLETON, P.A.
                                            300 Trade Center, Ste 7000
                                            Woburn, MA 01801
                                            (781) 904-2692
                                            andrew.botti@mclane.com